UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURNELL HAYNES,<br><br>        Plaintiff,<br><br>vs.<br><br>TRANSUNION LLC. *et al.*,<br><br>        Defendants. | Case No.: 2:19-CV-7157-JS-ARL |

**PLAINTIFF BURNELL HAYNES'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANT'S WELLS FARGO AND TD BANK AND JOINED BY EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC AND MIDLAND FUNDING**

**On the Brief:**

Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
**Zemel Law, LLC**
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
(T) 862-227-3106
dz@zemellawllc.com
ea@zemellawllc.com
Attorneys for Plaintiff

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ........................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................ 1

III. STANDARD OF REVIEW ............................................................................................... 2

IV. ARGUMENT ..................................................................................................................... 3

    A.    Article III Standing................................................................................................... 3

        1.    Defendant TransUnion Cannot Both Seek Removal To Federal Court and Dismissal From Federal Court........................................................................................................ 3

        2.    Plaintiff's Complaint Clearly Alleges Actual and Particularized Injuries ................... 4

    B.    Plaintiff's Complaint Clearly Alleges That Plaintiff Has Suffered Actual Damages To Support A Negligent Violation of the FCRA ............................................................. 7

    C.    Plaintiff's Complaint Clearly Alleges That Defendant's Conduct is Willful .................. 8

    D.    Plaintiff's Complaint Clearly Alleges That By Verifying Erroneous Credit Information Defendants' Conduct Resulted In Injury ................................................................... 11

    E.    The Disputes Triggering Defendants' Liability Were Made In 2018, Well Within the Two Year Statute Of Limitations For FCRA Claims ............................................... 12

    F.    The Joinder of the Additional Defendants Does Not Address The Separate Claims Against Those Defendants and They Have Waived Their Right To Join ............................. 14

V. CONCLUSION................................................................................................................. 14

# **TABLE OF AUTHORITIES**

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ................................... 3

Broccuto v. Experian Info. Solutions, Inc., 2008 U.S. Dist. LEXIS 37079 (E.D. Va. 2008) ....... 13

Burns v. Trans Union, LLC, 2019 U.S. Dist. LEXIS 139613 (D.S.C. 2019) ............................ 7, 8

Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151 (11th Cir. 1991) .................................. 9

Campbell v. Equifax Info. Servs., LLC, 2019 U.S. Dist. LEXIS 48999 (S.D. Ga. 2019) .......... 7, 8

Casella v. Equifax Credit Info. Servs., 56 F.3d 469 (2d Cir. 1995) ............................................... 6

Cohen v. Koenig, 25 F.3d 1168 (2d Cir. 1994). ............................................................................. 3

Collier v. SP Plus Corp., 889 F.3d 894 (7th Cir. 2018) ................................................................. 4

Connelly v. Lane Constr. Corp., 809 F.3d 780 (3d Cir. 2016). ..................................................... 3

Ellis v. Equifax Info. Servs., LLC, 2019 U.S. Dist. LEXIS 135485 (N.D. Ga. 2019) ............... 6, 8

Friedman v. Citimortgage, Inc., 2019 U.S. Dist. LEXIS 149706 (S.D.N.Y. 2019) ................... 6, 8

Gant v. Wallingford Bd. of Educ., 69 F.3d 669 (2d Cir. 1995). .................................................... 3

Geisler v. Petrocelli, 616 F.2d 636 (2d Cir. 1980). ....................................................................... 3

Grigoryan v. Experian Info. Sols., Inc., 84 F. Supp. 3d 1044 (C.D. Cal. 2014) ............................ 9

Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995) ................................ 9, 14

Hamm v. Equifax Info. Servs. LLC, 2018 U.S. Dist. LEXIS 123505 (D. Ariz. 2018) .............. 6, 8

I.M.S. Inquiry Mgmt. Sys. v. Berkshire Info. Sys., 307 F. Supp. 2d 521 (S.D.N.Y. 2004). ........... 7

Jackling v. HSBC Bank USA, N.A., 2019 U.S. Dist. LEXIS 4889 (W.D.N.Y. 2019) .................. 9

Jackson v. Equifax Info. Servs., LLC, 2019 U.S. Dist. LEXIS 5353 (M.D. Ga. 2019), ................ 6

Jenkins v. AmeriCredit Fin. Servs., 2017 U.S. Dist. LEXIS 57560 (E.D.N.Y. 2017). .... 6, 8, 9, 10

Jenkins v. Chase Bank USA, N.A., 2015 U.S. Dist. LEXIS 109723 (E.D.N.Y. 2015) ................ 13

Khan v. Equifax, 2019 WL 2492762 (E.D.N.Y. 2019) ............................................................... 10

Larson v. Ford Credit, 2007 U.S. Dist. LEXIS 47181 (D. Minn. 2007). ..................................... 13

Lawson v. Mich. First Credit Union, 2020 U.S. Dist. LEXIS 78600 (E.D. Mich. 2020); ......... 7, 8

Maiteki v. Marten Transp. Ltd., 4 F. Supp. 3d 1249 (D. Colo. 2013) ......................................... 13

Marcinski v. RBS Citizens Bank, N.A., 36 F. Supp. 3d 286 (S.D.N.Y. 2014) ............................ 13

Ritchie v. N. Leasing Sys., Inc., 14 F. Supp. 3d 229 (S.D.N.Y. 2014)........................................... 7

Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016). ....................................................................... 4, 9

Thompson v. San Antonio Retail Merchs. Ass'n, 682 F.2d 509 (5th Cir. 1982) ........................... 6

Weber v. Comput. Credit, Inc., 259 F.R.D. 33 (E.D.N.Y. 2009). ................................................. 3

Wheeler v. Trans Union LLC, 2018 U.S. Dist. LEXIS 89681 (D. Ariz. 2018).......................... 6, 8

Yoder v. Orthomolecular Nutrition Inst., Inc., 751 F.2d 555 (2d Cir. 1985). ............................... 3

Young v. LVNV Funding LLC, 2013 U.S. Dist. LEXIS 122225 (E.D. Mo. 2013) ..................... 13

## I. PRELIMINARY STATEMENT

Ms. Haynes, a former corrections officer, has been the victim of identity theft. Identity thieves opened up credit cards in Plaintiff's name and have taken her existing credit cards and racked up charges leaving Plaintiff to foot the bill. The identity theft completely wrecked Plaintiff's credit, tanking her credit score hundreds of points, and making Plaintiff appear to be extremely financially irresponsible. Plaintiff complained about the identity theft to each of the credit reporting agencies, providing them with police reports and other documents, but neither the credit agencies nor the furnishers of information took interest in what Plaintiff had to say. Instead, the Defendant credit agencies and furnishers continued to punish Plaintiff for being a victim of identity theft.

Defendants' nonchalant conduct concerning Ms. Haynes caused serious injury and imminent threat of additional injuries. Each of the named Defendants action engaged in specific conduct to ensure that the erroneous information, arising from identity theft, continue to remain on Ms. Haynes credit report. This conduct has resulted in financial injury to Plaintiff by significantly lowering Plaintiff's credit score and affecting her applications for credit and credit opportunities. Said conduct also resulted in emotional harm to Plaintiff both because Plaintiff's credit opportunities were limited, and Defendants insistence on continuing to report inaccurate and incorrect information regarding Plaintiff on her credit report.

## II. STATEMENT OF FACTS

Plaintiff is a victim of Hurricane Sandy. Complaint, ¶19. The Hurricane lifted her house wreaking havoc on Plaintiff's life. *Id.* Because of the Hurricane and the resulting house issues, Plaintiff was not living at her residence and started to notice that parcels of her mail were being stolen. *Id.* Around this time Plaintiff also started getting collection letters for debts that did not

belong to her and her credit suspiciously started taking a turn for the worst. *Id.,* at ¶20. In 2018, after realizing that she had been the victim of identity theft, Plaintiff went to the police and reported what had happened. *Id.*, at ¶21. Plaintiff also started disputing with the credit reporting agencies ("CRA") a number of credit card accounts being reported which were not accurately reporting or which did not belong to her, informing the CRAs these accounts were opened or used by an identity theft. *Id.,* at ¶21, 23. Despite her disputes, the CRAs verified these accounts as belonging to Plaintiff despite her notice to the contrary, and the police report she provided. *Id.,* at ¶24. The Defendant CRAs forwarded Plaintiff's disputes to the furnishers. The Defendant furnishers failed to conduct a reasonable investigation and verified the accounts as accurately belonging to Plaintiff. *Id.,* at ¶25. Over time, these fraudulent debts were then sold to debt collectors, like Midland Funding, who also began collection attempts against Plaintiff, making negative reportings on her credit report. *Id.,* at ¶26. As a result, Defendant suffered emotional and actual damages, including severe anxiety and limited credit opportunities. *Id.,* at ¶27.

In December 2019, Plaintiff filed her complaint in New York State Court where there is no need for Article III injury. After the filing, Defendant TransUnion removed Plaintiff's complaint to federal court. Now, Wells Fargo and TD Bank, two of the Defendant furnishers have moved for dismissal of Plaintiff's claims, arguing that the Complaint does not have Article III standing for federal court and seeking dismissal as to Plaintiff's claims. While Defendants TransUnion, Equifax and Midland Funding have joined in the motion, there are additional claims alleged against them which are not addressed by Defendants Wells Fargo and TD Bank and as such, dismissal of all claims against these three Defendants would not be proper.

### III.   STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must view the complaint in the light most favorable to plaintiffs. *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir. 1985). All reasonable inferences must be drawn in the plaintiff's favor and all allegations in the Complaint must be accepted as true. *See Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994). The court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980); *Weber v. Comput. Credit, Inc.,* 259 F.R.D. 33, 36-37 (E.D.N.Y. 2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although plausibility does not equate to probability, the plausibility standard "does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–787 (3d Cir. 2016) (citations and quotation marks omitted). Plaintiff has met the pleading standard and viewing the Complaint in the light most favorable to Plaintiff precludes the granting of Defendant's Motion to Dismiss.

**IV. ARGUMENT**

    A. Article III Standing

**1. Defendant TransUnion Cannot Both Seek Removal To Federal Court and Dismissal From Federal Court**

On December 6, 2019, Plaintiff filed her initial Complaint in The Supreme Court of The State of New York, Nassau County where there is no Article III requirement. On December 20, 2019, Defendant TransUnion filed a notice of removal. After removing Plaintiff's Complaint, on

3

June 8, 2020, Defendant TransUnion joined in TD Bank's Motion to Dismiss arguing that Plaintiff lacks Article III Standing. [ECF 73]. It appears Defendant TransUnion both does and does not want Plaintiff's Complaint heard by this Court. TransUnion cannot have it both ways.

The Seventh Circuit directly addressed the type "dubious strategy" put forth by TransUnion, while considering whether to sanction a defendant who removes a case to federal court only to then seek dismissal for lack of standing. *See Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018). There, the Seventh Circuit reversed the lower court's dismissal with prejudice given that a lack of Article III standing does not allow a district court to dismiss with prejudice because the court is without jurisdiction to do so. *Id.* at 897. The Circuit made clear that where the Court finds a lack of Article III standing, the only remedy available to the Court is to remand the action to state court. *Id*. Of note, the Seventh Circuit also scolded the defendant for wasting a significant amount of federal judicial resources by attempting to ping pong the plaintiff's complaint back and forth.

In the instant case, Defendant TransUnion cannot seek both federal jurisdiction, and the lack thereof. Further, even were the Court to find Plaintiff's pleading lacked Article III standing, as argued by each of the Defendants, the appropriate remedy would be remand as opposed to dismissal. A Court cannot make a decision on the merits while it lacks jurisdiction to do so. Thus, Defendants motion for dismissal with prejudice on the basis of standing must be denied.

**2. Plaintiff's Complaint Clearly Alleges Actual and Particularized Injuries**

Defendants argue that Plaintiff's Complaint does not establish Article III standing. Article III standing requires the Plaintiff to establish three prongs: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136

S. Ct. 1540, 1547 (2016). Defendants focuse their motion on the injury in fact prong. This prong requires Plaintiff to allege an injury that is both concrete and particularized. *Id*. at 1545. Concreteness refers to the "realness" of the injury, meaning that the injury "must actually exist" and cannot be "abstract." *Id*. at 1548. The particularity requirement means that an injury "must affect the plaintiff in a personal and individual way." *Id*.

Plaintiff's Complaint demonstrates that the conduct of Defendants have resulted in an actual injury to Plaintiff that directly affects her in a personal and individual way. As a victim of identity theft, Plaintiff's credit history has been significantly impacted by negative information which does not belong on her credit report. *See generally* Complaint ("Comp"). Plaintiff attempted to get her credit information fixed by filing a police a report and then engaging in disputes with each of the credit reporting agencies as the FCRA requires. Comp. ¶ 21, 32, and 39. But Plaintiff's disputes fell on deaf ears and Defendants continued to report the inaccurate and misleading information on her credit report. Comp. ¶ 24-25, 32 and 39. Accordingly, Plaintiff has clearly demonstrated that the actions of Defendants affect her in a personal way— the erroneous information remained on *her* credit report, and Plaintiff suffered actual and emotional injury as a result of the identity theft's impact on her credit. Comp. ¶ 24, 27 and 34.

Defendant takes issue with Plaintiff's ability to articulate why she has developed emotional injuries claiming Plaintiff has not set forth a "single fact" supporting this type of harm. However, Plaintiff's complaint demonstrates that the conduct of Defendants have resulted in sufficient actual injury to confer standing. Plaintiff specifically pleads that by allowing her credit worthiness to be ruined, Plaintiff has suffered "emotional and actual damages, including severe anxiety and limited credit opportunities, mental anguish, humiliation, and embarrassment." Comp. ¶ 27, 34. This type of injury is no surprise. Any individual having experienced identity

5

theft understands that when your credit history is taken over by criminal conduct, and the credit agencies/banks allow the criminal consequences to continue harming the victim, ground for emotional injury exist. Further, by being left with a lower credit score, resulting from fraud, the consumer clearly loses the ability to obtain favorable credit terms.

The Second Circuit has directly found allegations of humiliation and mental distress to sufficiently demonstrate actual damages in the FCRA context. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995); *see also Friedman v. Citimortgage, Inc.*, 2019 U.S. Dist. LEXIS 149706, at *10-11 (S.D.N.Y. Sep. 3, 2019); *Jenkins v. AmeriCredit Fin. Servs.*, No. 14-cv-5687 (SJF)(AKT), 2017 U.S. Dist. LEXIS 57560 (E.D.N.Y. Feb. 14, 2017). Accordingly, Plaintiff has clearly plead that an injury-in-fact exists in accordance with the Second Circuit's standard for actual damages by providing clear notice in the Complaint that the credit damage has resulted in financial and emotional injury, including humiliation and mental distress.

Case law from other Circuits also demonstrate that emotional harms such as those pled by Plaintiff here are sufficient to confer Article III standing. In *Jackson v. Equifax Info. Servs., LLC*, 2019 U.S. Dist. LEXIS 5353 (M.D. Ga. 2019), the court addressed the erroneous credit reporting of a monthly payment amount. There, the plaintiff alleged that as a result of the error "Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment." *Id*. *7. With these allegations alone, the Court found Article III standing established. *Id*. at *8 (citing *Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982)); *see also Hamm v. Equifax Info. Servs. LLC*, 2018 U.S. Dist. LEXIS 123505, at *6 (D. Ariz. July 24, 2018) (pleadings of 'undue stress and anxiety' **more than enough** to establish injury in fact); *Wheeler v. Trans Union LLC*, 2018 U.S. Dist. LEXIS 89681, at *6 (D. Ariz. May 30, 2018); *Ellis v. Equifax Info. Servs., LLC*, 2019 U.S. Dist. LEXIS 135485, 2019 WL 3503538, at *4 (N.D. Ga.

6

June 6, 2019); *Lawson v. Mich. First Credit Union*, 2020 U.S. Dist. LEXIS 78600, at *26 (E.D. Mich. May 5, 2020); *Campbell v. Equifax Info. Servs., LLC*, 2019 U.S. Dist. LEXIS 48999 at *6 (S.D. Ga. Mar. 25, 2019); *Burns v. Trans Union, LLC*, 2019 U.S. Dist. LEXIS 139613, 2019 WL 3890833, at *2-3 (D.S.C. Aug. 19, 2019).

In the instant case, Plaintiff has adequately established Article III standing. Plaintiff has plausibly alleged that she has suffered emotional and actual damages. Comp. ¶ 27, 34. This type of injury has been specifically contemplated by the Second Circuit as compensable injury. While it is true that the burden of proving these injuries is upon Plaintiff, questions of fact clearly remain on the issue of injury. Accordingly, at the pleading stage, Plaintiff has plausibly pled that she has been specifically injured by Defendants conduct demonstrating injury-in-fact. Thus, Defendant's Motion must be denied.

      B. <u>Plaintiff's Complaint Clearly Alleges That Plaintiff Has Suffered Actual Damages To Support A Negligent Violation of the FCRA</u>

The FCRA provides for two types of claims, negligent violations and willful violations. While actual damages are not a necessary element of willful FCRA violations, negligent FCRA require a plaintiff to demonstrate actual damages. *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 240 (S.D.N.Y. 2014). In *Casella*, the Circuit has directly found that emotional damages, as alleged by Plaintiff, are recoverable. 56 F.3d 469, 474 (2d Cir. 1995). Accordingly, Plaintiff has established the actual injury element of a negligent violation of the FCRA. While Defendant argues that Plaintiff's allegations are "threadbare," this case is at the pleading stage, and the pleaded facts must be taken as true and in a light *most* favorable to the Plaintiff. *I.M.S. Inquiry Mgmt. Sys. v. Berkshire Info. Sys.*, 307 F. Supp. 2d 521, 524 (S.D.N.Y. 2004).

Defendant also argues that Plaintiff has not pled that the credit report was issued to third parties. To the contrary, Plaintiff has made two such allegations. First, Plaintiff has plausibly

7

plead that each of Equifax, TransUnion, and Experian issued credit reports concerning Plaintiff. Comp. ¶ 29. Second, Plaintiff pleads specific injury such as humiliation and embarrassment as a result of the credit errors. Comp. ¶ 27, 34. When taking these facts in a light most favorable to Plaintiff, it is clear that by suffering these types of emotional injury, Plaintiff's credit report must have been viewed by third parties.

Not only are Plaintiff's factual allegations plausible on their face given the expected injury arising from identity theft, Plaintiff has also provided case law finding the exact same pleadings have been found sufficient to establish negligent violation of the FCRA at the pleading stage. *Friedman v. Citimortgage, Inc.*, 2019 U.S. Dist. LEXIS 149706, at *10-11 (S.D.N.Y. 2019); *Jenkins v. AmeriCredit Fin. Servs.*, 2017 U.S. Dist. LEXIS 57560 (E.D.N.Y. 2017); *Hamm v. Equifax Info. Servs. LLC*, 2018 U.S. Dist. LEXIS 123505, at *6 (D. Ariz. 2018); *Wheeler v. Trans Union LLC*, 2018 U.S. Dist. LEXIS 89681, at *6 (D. Ariz. 2018); *Ellis v. Equifax Info. Servs., LLC*, 2019 U.S. Dist. LEXIS 135485, 2019 WL 3503538, at *4 (N.D. Ga. 2019); *Lawson v. Mich. First Credit Union*, 2020 U.S. Dist. LEXIS 78600, at *26 (E.D. Mich. 2020); *Campbell v. Equifax Info. Servs., LLC*, No. 4:18-cv-53, 2019 U.S. Dist. LEXIS 48999, 2019 WL 1332375, at *6 (S.D. Ga. 2019); *Burns v. Trans Union, LLC*, No. 4:18-03120-MGL, 2019 U.S. Dist. LEXIS 139613, 2019 WL 3890833, at *2-3 (D.S.C. 2019). Thus, Plaintiff has plausibly pled a negligent violation of the FCRA and Defendant's Motion must be denied under both Second Circuit case law, and persuasive authority from other circuits.

C. <u>Plaintiff's Complaint Clearly Alleges That Defendant's Conduct is Willful</u>

"Willfulness" under section 1681n embraces liability for a furnisher's "reckless disregard of statutory duty." *Friedman,* 2019 U.S. Dist. LEXIS 149706, at *9 (*quoting Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007)). "'Recklessness" in

8

this context means an "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known," and requires action that is at least "objectively unreasonable."' *Id*. As a general matter, willfulness is typically a question of fact that should be left to a jury. *Grigoryan v. Experian Info. Sols., Inc*., 84 F. Supp. 3d 1044, 1076 (C.D. Cal. 2014); *Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1333 (9th Cir. 1995) (The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases); *Cahlin v. Gen. Motors Acceptance Corp*., 936 F.2d 1151, 1156 (11th Cir. 1991); *Jackling v. HSBC Bank USA, N.A.,* 2019 U.S. Dist. LEXIS 4889, at *15 (W.D.N.Y. 2019) (citing *Jenkins* 2017 WL 1325369, at *7 (E.D.N.Y. 2017). Defendants' contentions to willfulness cannot be decided as a matter of law considering the FCRA is a statute that is more factually driven than most.

   Plaintiff has plausibly pled willful violation of the FCRA such that factual questions remain. Plaintiff clearly disputed each of the accounts on her credit report that were reporting negatively as a result of identity theft. Comp. ¶ 23. Plaintiff did not only state that these items were the result of identity theft, Plaintiff went so far as to obtain a police report recognizing that she was a victim. *Id*. Then, Plaintiff provided this police report along with her disputes to the credit reporting agencies, who then forwarded this information on to the other Defendants. Comp. ¶ 23, 32. The FCRA could not be clearer concerning what must happen to a consumer's credit report after notice is provided of identity theft. Within 4 business days after receiving such notice, the information <u>must</u> be suppressed. 15 USCS § 1681c-2. Nonetheless, each of the Defendants failed to conduct a reasonable investigation. Comp. ¶ 25, 32, 39. Instead of reviewing Plaintiff's evidence that she was a victim of identity theft, Defendants intentionally verified the information that was erroneous. *Id*. Verifying information as accurate, despite

9

maintaining evidence, via a police report, that the information being reported is inaccurate is clearly an action entailing an unjustifiably high risk of harm that is known which adequately addresses willfulness.

At the very least, questions of fact clearly remain concerning Defendants' willfulness. First, questions of fact remain as to whether Defendants conducted any investigation at all in response to Plaintiff's disputes. If Defendants failed to conduct any investigation, it would certainly explain why it continued reporting false information, and this would be considered a reckless violation of the FCRA. *See* Comp. ¶ 32, 40.  Second, whether Defendants conducted an investigation within the time required by the FCRA is also a question of fact, the failure to abide by could also result in a finding of recklessness. *See* Comp. ¶ 42. Third, assuming Defendants did in fact conduct an investigation, reasonableness will look to what exactly Defendants did in the course of its investigation. These questions include whether they reviewed Plaintiff's dispute adequately? What type of investigation was conducted? Did Defendants make any investigation into Plaintiff's claims concerning identity theft? Why did Defendants not suppress the information within 4 days as required by the FCRA? These questions demonstrate why FCRA claims are typically left to a jury.

Defendant argues that Plaintiff has only plead formulaic recitation of the elements of the FCRA without providing factual basis, relying on *Jenkins*, 2017 WL 1325369 and *Khan v. Equifax,* 2019 WL 2492762 (E.D.N.Y. June 14, 2019). As established above, Plaintiff has plead specific facts which demonstrate a reckless disregard, and which at minimum create questions of fact concerning willfulness. In *Friedman*, the defendant also sought dismissal relying on *Jenkins* which held mere notice of inaccuracy did not constitute willful violation in that case. *Id*. at *10. As the Southern District there noted, "that may be. However, courts in this Circuit have only so

held when deciding motions for summary judgment or at subsequent stages of litigation." *Id*. The court went on to deny the motion to dismiss. Nor is *Khan* persuasive. There, the plaintiff did not allege that any of the information being reported was inaccurate. In the instant case, Plaintiff has clearly alleged that information was the result of identity theft and should not be attributed to her. Comp. ¶ 24, 30, 38. Accordingly, Plaintiff has adequately pled a factual basis for finding Defendants' failure to reasonably investigate Plaintiff's disputes a willful violation of the FCRA.

> D. <u>Plaintiff's Complaint Clearly Alleges That By Verifying Erroneous Credit Information Defendants' Conduct Resulted In Injury</u>

Defendants argue that Plaintiff has not plead proximate cause by suggesting that Plaintiff's emotional and actual injury may be the result of other factors that are not necessarily related to Defendants' conduct. However, a thorough reading of the Complaint clearly demonstrates that Plaintiff has specifically plead injury as a result of Defendants' conduct. Plaintiff's Complaint states that the Defendant CRAs, and the Defendant furnishers verified the false information on her credit report. Comp. ¶ 25, 34, 38, 39. As a result, the erroneous accounts continued to report on her credit. Plaintiff has further specifically plead that because the erroneous accounts remained on her credit report after the disputes with evidence of identity theft, Plaintiff suffered emotional and actual damages. Comp. ¶ 27, 34. Accordingly, taking Plaintiff's Complaint as true, as the Court must at this stage, it cannot be that the emotional and actual injuries were the result of conduct other than that which the Defendants engaged in, given Plaintiff's clear pleading that these injuries arose from said conduct. *Id*. Whether the credit injury and emotional injury arose from causes other than Defendants' conduct raises questions of fact which can be delved into during discovery, but cannot be decided at the pleading stage. Thus, Defendants' argument on this ground fails.

E. The Disputes Triggering Defendants' Liability Were Made In 2018, Well Within the Two Year Statute Of Limitations For FCRA Claims

Defendant argues that because Plaintiff's identity theft was initiated during Hurricane Sandy, an event in 2014, the statute has run. To the contrary, Plaintiff's claims are well within the statute of limitations for two reasons. First, while Plaintiff began to understand she was a victim of identity theft in 2014, she did not recognize her credit was specifically harmed until 2018. Second, the statute of limitations for FCRA claims arise each time a furnisher fails to conduct a reasonable investigation. Accordingly, Defendants' failure to reasonably investigate Plaintiff's 2018 disputes are within the statute of limitation.

Defendant takes a narrow reading of Plaintiff's Complaint to its advantage. The paragraphs at issue state that during Hurricane Sandy, Plaintiff's mail was being stolen. Comp. ¶ 19. Shortly after Plaintiff noticed this, she started receiving collection letters for debts that did not belong to her. Comp. ¶ 20. Next, the Complaint states that in 2018, Plaintiff realized that her credit was being negatively affected which led her to seek a police report for the identity theft. Comp. ¶ 21. After obtaining the police report, Plaintiff started disputing items on her credit. *Id*. Accordingly, the Complaint does not indicate that Plaintiff was aware of inaccuracies in her credit report until 2018. *Id*. Thus, while Plaintiff was aware that mail was being stolen from her many years earlier, Plaintiff's knowledge of the identity theft's impact on her credit was not discovered until 2018, and therefore Plaintiff's claim cannot be past the statute of limitations. Plaintiff's earlier statements simply provide the factual context for the theft, not Plaintiff's credit knowledge at that time.

Notwithstanding the above, even if Plaintiff had knowledge of errors to her credit report more than two years prior the filing of the instant Complaint, the statute of limitations would still not have expired. Courts have routinely held that the statute of limitations on an FCRA claim is

12

restarted each time a consumer sends a dispute. *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014); *Jenkins v. Chase Bank USA, N.A.*, 2015 U.S. Dist. LEXIS 109723, at *19 n.6 (E.D.N.Y. 2015); *Maiteki v. Marten Transp. Ltd.*, 4 F. Supp. 3d 1249, 1253-54 (D. Colo. 2013); *Young v. LVNV Funding LLC,* 2013 U.S. Dist. LEXIS 122225, 2013 WL 4551722, at *3 (E.D. Mo. 2013); *Broccuto v. Experian Info. Solutions, Inc*., 2008 U.S. Dist. LEXIS 37079, 2008 WL 1969222, at *4 (E.D. Va. 2008); *Larson v. Ford Credit*, 2007 U.S. Dist. LEXIS 47181 (D. Minn. 2007). Therefore, Plaintiff's 2018 disputes are the triggering date for the statute of limitations for her claim in any event. Because Plaintiff filed her Complaint in December 2019, there can be no question as to the statute of limitation expiring from her 2018 disputes.

The case law holding that each dispute restarts the statute of limitation is also consistent with the plain language and purpose of the FRCA. Nothing in the text of 15 U.S.C. § 1681s-2 limits a furnisher's duty to investigate only to novel disputes. To the contrary, the language plainly requires investigation into any dispute concerning the completeness or accuracy of any information being reported. 15 U.S.C. § 1681s-2. Moreover, the express purpose of the FCRA is to ensure consumer reporting procedures that are fair and equitable to the consumer. 15 U.S.C. § 1681b. Allowing a consumer's credit report to reflect inaccurate information for seven years, simply because the consumer did not dispute for a two-year period after notice, would be clearly inequitable and an unfair punishment to the consumer for their lack of diligence. But the FCRA does not impose a diligence requirement on consumers. To the contrary, the FCRA is a consumer protection statute and is to be interpreted liberally to support the consumer-oriented objectives. *Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1333 (9th Cir. 1995). Thus, Defendants statute of limitations argument must fail.

13

      F.    The Joinder of the Additional Defendants Does Not Address The Separate Claims Against Those Defendants and They Have Waived Their Right To Join

While the initial motion to dismiss was brought by Defendant furnishers Wells Fargo and TD Bank, the motion was also joined by Defendant CRAs Equifax and TransUnion and by Defendant debt collector Midland Funding. Plaintiff has brought separate and distinct claims against the furnishers, CRAs and the debt collectors. As such, even if this Court were to entertain dismissal of the claims against the two furnishers as addressed in the underlying motion to dismiss, additional claims against these three Defendants who joined the motion would survive.

In additional, these three Defendants have filed Answers to Plaintiff's Complaint. [ECF 36, 69-Equifax], [ECF 40-Midland Funding], [ECF 21-TransUnion]. Given this, these parties have also waived their right to bring a motion to dismiss pursuant to 12(b)(6). Further, the parties have already engaged in substantive discovery. TransUnion served discovery requests on March 17, 2020 and Midland Funding served discovery requests on April 28, 2020, to which Plaintiff has provided responses. Given this intent to litigate, Defendants should not be entitled to move to dismiss Plaintiff's claims on these bases. *See e.g. Sims v. Mme. Paulette Dry Cleaners,* 638 F. Supp. 224, 227 (S.D.N.Y. 1986); *Securities Training Corp. v. Securities Seminar,* 633 F. Supp. 938, 939 (S.D.N.Y. 1986).

## V.    CONCLUSION

Plaintiff's pleadings are sufficient to establish both negligent and willful violation of the Fair Credit Reporting Act. Plaintiff has specifically plead that erroneous information was placed on her credit report as a result of identity theft. Plaintiff has further plead that the erroneous information has directly resulted in injury to Plaintiff. Had Defendants removed the erroneous information after being made aware of it by Plaintiff, Plaintiff would not have suffered injury. Finally, had Defendants conducted any investigation, they would have seen Plaintiff's evidence

and deleted the information. Instead, Defendants knowingly verified false information creating a high risk of harm. Thus, Plaintiff has adequately pled her claim and has established Article III standing.

Were the court inclined to grant Defendants' motion, Plaintiff requests leave to amend the complaint. The new allegations of the complaint would specifically plead when the negative items resulting from identity theft were first placed on her credit report, when Plaintiff first learned of the negative items on her credit report to make clear the claims are well within the statute of limitations, and specifically identify credit denials received as a result of Defendants' conduct as well as mental healthcare which Plaintiff has needed to obtain as a result of Defendants conduct.

Dated: June 26, 2020                    Respectfully Submitted,

                                                               /s/ Daniel Zemel
Daniel Zemel, Esq. (DZ9899)
Zemel Law, LLC
1373 Broad Street, Suite 203-C
Clifton, NJ 07013
Phone: 862-227-3106
Attorneys for Plaintiff