UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BURNELL HAYNES,

                            Plaintiff,

      -against-

TRANSUNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; BANK OF AMERICA,
N.A.; CHASE BANK USA, N.A.; WELLS
FARGO N.A.; DISCOVER FINANCIAL
SERVICES; DEPARTMENT STORES
NATIONAL BANK; CAPITAL ONE BANK
USA, N.A.; CITIBANK NORTH AMERICA,
INC.; COMENITY BANK; TD BANK USA,
N.A.; MIDLAND FUNDING, LLC; and
MIDLAND CREDIT MANAGEMENT INC.,

                            Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 19-7157 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

       Plaintiff Burnell Haynes brings this action against TransUnion, LLC, Equifax Information Services, LLC; Experian Information Solutions, Inc., Bank of America, N.A., Chase Bank USA, N.A., Wells Fargo N.A., Discover Financial Services, Department Stores National Bank, Capital One Bank USA, N.A., Citibank North America, Inc., Comenity Bank, TD Bank USA, N.A., Midland Funding, LLC, and Midland Credit Management Inc. for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  Currently before the Court, on referral from District Judge Seybert, is a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendants TD Bank USA, N.A. and Wells Fargo N.A. (the "Moving Defendants"). Joining in the motion are Midland Funding, LLC ("MF"),  Equifax Information

Services, LLC ("Equifax") and TransUnion, LLC ("TransUnion" and together with MF and Equifax, "Joining Defendants"). For the reasons set forth below, the undersigned respectfully reports and recommends that the motion to dismiss be denied.

## BACKGROUND

### A. Factual Background

The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff is a natural person who at all relevant times has resided in Freeport, New York. Compl. ¶ 4.

Plaintiff asserts claims against three groups of defendants, those that provided credit – the furnishers, those that reported on Plaintiff's credit – the credit reporting agencies or "CRAs", and those who attempted to collect on debts not paid – the debt collectors. Both Moving Defendants were in the first category, and, are named in the complaint as furnishers. Moving Defendant, Wells Fargo is a business entity that regularly conducts business in New York with its principal place of business in San Francisco, California. Wells Fargo regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding Wells Fargo's transactions with consumers, and, is as "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b). *Id.* at ¶ 10. Moving Defendant, TD Bank is a business entity that regularly conducts business in New York with its principal place of business in Wilmington, Delaware. TD Bank regularly and in the ordinary course of business furnishes

2

information to various consumer reporting agencies regarding TD Bank's transactions with consumers, and, is a "furnisher" of information as contemplated by FCRA § 168Is-2(a) & (b). *Id.* at ¶ 16.

Joining Defendant MF is named in the action as a furnisher as well as a debt collector. MF is a corporation doing business in the state of New York, with its corporate address in San Diego, California, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. § 1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes. Additionally, Defendant MF regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding MF's transactions with consumers, and, is a "furnisher" of information as contemplated by FCRA§1681s-2(a)&(b). *Id.* at ¶ 17.

Joining Defendants Equifax and TransUnion are named in the Complaint as CRAs. Joining Defendant, Equifax, is a business entity that regularly conducts business in New York with its principal place of business in Atlanta, Georgia. Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681 a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties. *Id.* at ¶ 5. Joining Defendant TransUnion is a business entity that regularly conducts business in New York with its principal place of business in Chicago, Illinois. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties. *Id.* at ¶ 6.

3

Plaintiff alleges that in 2012 her home was damaged by Superstorm Sandy. *Id.* at ¶ 19. According to Plaintiff, she was not living at her residence in the aftermath of the storm and started to notice that parcels of her mail were being stolen. *Id*. Around the same time, Plaintiff began receiving collection letters for debts that did not belong to her. *Id.* at ¶ 20. Six years later, in 2018, Plaintiff alleges that she realized that she had been the victim of identity theft and she went to the police and reported what had happened. *Id.* at ¶ 21. Plaintiff also started disputing with the CRAs a number of credit card accounts which, according to Plaintiff, did not belong to her, informing the CRAs these accounts were opened or used by an identity theft. *Id.* at ¶ 21, 23. According to Plaintiff, despite the police report, the CRAs verified these accounts as belonging to Plaintiff. *Id.* at ¶ 24. Plaintiff alleges that the CRAs forwarded Plaintiff's disputes to the furnishers and that the Defendant furnishers, including the Moving Defendants and MF, failed to conduct a reasonable investigation and verified the accounts as accurately belonging to Plaintiff. *Id.* at ¶ 25. According to Plaintiff, over time, these fraudulent debts were then sold to debt collectors, like MF, that began collection attempts against Plaintiff, making negative reportings on her credit report. *Id.* at ¶ 26. Plaintiff claims that as a result, she suffered emotional and actual damages, including severe anxiety and limited credit opportunities. *Id.* at ¶ 27.

Based upon the foregoing set of facts Plaintiff has asserted three claims. Count One of the Complaint asserts claims against Joining Defendants ,TransUnion and Equifax, among other non-moving defendants alleging that each of these defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 168la. *Id.* at ¶ 29. According to Plaintiff, these reports contained information about Plaintiff that was false, misleading, and inaccurate in violation of the FCRA. *Id.* at ¶ 30.

4

Count Two of the Complaint assets claims against the Moving Defendants, as well as MF, among other non-moving defendants, alleging that each of these defendants willfully and negligently supplied Equifax, Experian and TransUnion with negative consumer report information about Plaintiff that was false and misleading in violation of the FCRA. *Id.* at ¶ 38. Plaintiff alleges that each of these defendants willfully and negligently failed to conduct a reasonable investigation of the dated trade lines that Plaintiff disputed, and certain furnishers failed to mark the trade lines as in dispute after notified by the CRAs in 2018 that Plaintiff disputed the trade lines. *Id.* at ¶ 39.

Count Three of the Complaint alleges that MF and Midland Credit Management both engaged in separate collection activity against Plaintiff, each of which was false and deceptive in violation of the FDCA. *Id.* at ¶¶ 44-47.

**B. Procedural Background**

Plaintiff filed her complaint on December 6, 2019 in Supreme Court of the State Of New York, Nassau County. On December 20, 2019, TransUnion removed the action to this Court. ECF No. 1. The Moving Defendants filed this motion to dismiss Plaintiff's claims asserted against them in Count Two of the Complaint pursuant to Rule 12 (b)(6) on May 29, 2020. ECF No. 68. In support of their motion to dismiss the Moving Defendants rely upon their Memorandum of Law in Support of Motion to Dismiss ("Moving Def. Mem."). On the same day, Defendants MF and Equifax joined in the motion, despite having filed answers on February 7, 2020 and February 3, 2020, respectively.[1] Defendant TransUnion also joined in the motion to dismiss, despite having answered the complaint, on June 8, 2020 arguing that dismissal is

---

[1] In addition to the claims asserted against MF in Count Two of the Complaint under the FCRA, Plaintiff has also asserted a claim against MF under the FDCPA in Count Three of the Complaint, which MF has not sought to dismiss.

5

nonetheless appropriate under Rule 12(c).[2]  *See* TransUnion, LLC'S Notice of Joinder in TD Bank, N.A. and Wells Fargo's Joint Motion To Dismiss Plaintiff's Complaint ("TransUnion Op. Mem."). Plaintiff opposed the motions. In support of her opposition, Plaintiff relies upon, Plaintiff Burnell Haynes's Memorandum In Opposition To The Motion To Dismiss Filed By Defendant's Wells Fargo And TD Bank And Joined By Equifax Information Services, LLC, Transunion LLC And Midland Funding ("Pl. Mem."). The Moving Defendants, TransUnion, MF and Equifax have each filed reply memorandum responding to the arguments set forth in Plaintiff's response. By Order dated October 26, 2020, these motions were referred to the undersigned by Judge Seybert.

## DISCUSSION

### A. Standard of Review

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss under Rule 12(b)(6). District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,'

---

[2] With respect to Equifax and TransUnion, Plaintiff has asserted claims in Count One of the Complaint under the FCRA against TransUnion and Equifax, which are not addressed in the Moving Defendants' motion.

6

but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013).

### B. Analysis

#### 1. Standing Under FCRA[3]

The Moving Defendants argue that Plaintiff lacks standing to pursue her FCRA claims because she has not alleged she suffered an actual, particularized injury. Moving Def. Mem. at 7. "Standing is a federal jurisdictional question determining the power of the court to entertain the suit." *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (internal quotation marks and citation omitted). "Article III of the Constitution limits judicial power of the United States to the resolution of cases and controversies. This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Serv*., 577 F.3d 479, 489 (2d Cir. 2009) (citations omitted). To prove Article III standing, plaintiffs must allege (1) a personal "injury-in-fact"; (2) a "causal connection between the injury and the conduct complaint of"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal quotations and citations omitted); *see Lamar Adver. of Penn, LLC v. Town of Orchard Park, N.Y.,* 356 F.3d 365, 373 (2d Cir. 2004) ("[t]o meet Article III's constitutional requirements for standing, a plaintiff must allege an actual or threatened injury to himself that is

---

[3] The issue of standing applies to the Moving and Joining Defendants equally and therefore the analysis set forth in this section applies equally to both.

7

fairly traceable to the allegedly unlawful conduct of the defendant") (internal quotation marks and citation omitted).

The Moving Defendants argue that Plaintiff has failed to allege an injury in fact. Moving Def. Mem. 4-9. "To meet Article III's injury-in-fact requirement, a plaintiff's alleged injury must be concrete and particularized as well as actual or imminent, not conjectural or hypothetical." *Carrion v. Singh*, No. 12-CV-0360 (JFB)(WDW), 2013 U.S. Dist. LEXIS 34181, 2013 WL 639040, at * 5 (E.D.N.Y. Feb. 21, 2013) (internal quotation marks and citations omitted). "Demonstrating that the defendant's allegedly unlawful conduct caused injury to the plaintiff [him]self is thus generally an essential component of Article III standing." *Mahon v Ticor Tile Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citations omitted). In *Spokeo. Inc. v. Robins*, the Supreme Court addressed Article III standing in the context of the FCRA. The Supreme Court stated the following as to the consumer-plaintiff in that action:

> In the context of this particular case, these general principles tell us two things: On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. On the other hand, [consumer-plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm

136 S. Ct. 1540, 1550, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). The Second Circuit has interpreted *Spokeo* to

> instruct that an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a "risk of real harm" to that concrete interest. But even where Congress has accorded procedural rights to protect a concrete interest, a

8

>plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest.

*Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016) (citations omitted). "An injury is particularized if it 'affect[s] the plaintiff in a personal and individual way,' and concrete if it is 'real, and not abstract.'" *Gallaher v. US Bank Nat'l Ass'n*, No. 3:14-cv-1877 (VLB), 2017 U.S. Dist. LEXIS 73349 (D. Conn. May 15, 2017) (quoting *Spokeo*, 136 S. Ct. at 1548).

Plaintiff here has alleged two injuries: emotional damages including severe anxiety and limited credit opportunities. Compl. ¶ 27. The Moving Defendants argue that these "vague, and conclusory allegation[s]" are not sufficient to establish a concrete, particularized, imminent injury. Moving Def. Mem. at 7. Plaintiff argues that she has adequately pled that she was specifically injured by the Moving Defendants' conduct and therefore has demonstrated injury in fact. Pl. Mem. at 7.

Plaintiff's allegation of severe anxiety is enough, at the pleading stage, to allege standing. In general, "emotional distress . . . is a concrete harm sufficient to meet the injury-in-fact requirement for Article III standing." *Doe v. City of New York*, No. 18-CV-670 (ARR) (JO), 2018 U.S. Dist. LEXIS 134914, at * 39, 2018 WL 3824133 (E.D.N.Y. Aug. 9, 2018); *In re Big Apple Volkswagen, LLC*, 571 B.R. 43, 50 (S.D.N.Y. 2017) ("In general, therefore, emotional distress plainly constitutes a concrete injury for purposes of Article III standing"). Other federal courts to address the issue since *Spokeo* in the FCRA context have affirmed "that emotional harm satisfies the 'injury in fact' requirement of constitutional standing." *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 169 (5th Cir. 2016); *Hampton v. Barclays Bank Del.*, No. 18-4071-DDC-ADM , 2019 U.S. Dist. LEXIS 213331, 2019 WL 6727083 (D. Kan. Dec. 11, 2019) ("The court concludes that plaintiff's allegations about [defendants'] putative statutory violations, along with

9

his general allegations about injury to his creditworthiness and emotional distress, suffice to allege a concrete injury to establish standing to assert a FCRA claim"); *Miller v. Dish Network, LLC*, 326 F. Supp. 3d 51, 61 (E.D. Va. 2018) ("Emotional distress has been found to constitute an injury in fact under the FCRA")(citing *Adan v. Insight Investigation, Inc.,* 16-cv-2807, 2018 U.S. Dist. LEXIS 8365, 2018 WL 467897, at *6 (S.D. Cal. Jan. 18, 2018); *Lovess v. Embrace Home Loans, Inc.*, 17-2212, 2017 U.S. Dist. LEXIS 174776, 2017 WL 4745452, at *2 (D. Md. Oct. 20, 2017); *Ricketson v. Experian Info. Solutions, Inc.*, 266 F. Supp. 3d 1083, 1090-91 (W.D. Mich. 2017)).

 Although Plaintiff's allegation in the complaint lacks specificity with respect to the nature of her emotional distress, this allegation is nevertheless sufficient to allege an injury in fact.  At the pleading stage, general factual allegations of injury are sufficient because the elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan*, 504 U.S. at 56; *Bischoff v. Osceola County*, 222 F.3d 874, 878 (11th Cir. 2000) ("when standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing. However, when standing is raised at the summary judgment stage, the plaintiff can no longer rest on 'mere allegations.'"); *Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533, 542 (E.D. Mich. 2020).

 With respect to Plaintiff's allegation of limited credit opportunities, to establish an injury as "actual or imminent," it is insufficient to assert an "increased risk" of future harm. Specifically, when a plaintiff does not show plausibly that future denials of credit are "certainly

10

impending" or "real and immediate," no actual injury has been pled sufficient to confer standing. *Lee v. Board of Governors of the Federal Reserve System*, 118 F.3d 905, 912 (2d Cir. 1997) ("With respect to future injury, the Court has held that the prospect of such harm must be certainly impending . . . and real and immediate . . . [A]lleg[ations] [of] some day intentions . . . do not support a finding of the actual or imminent injury"); *see also Ross v. AXA Equitable Life Ins. Co.*, 15-2665-cv, 680 Fed. Appx. 41, 2017 U.S. App. LEXIS 3239, 2017 WL 730266, at *3 (2d Cir. Feb. 23, 2017) (summary order) (finding insufficient plaintiff's argument that an insurer's misleading representation in violation of New York insurance law caused an increased risk that insurers would be unable to pay plaintiff's claims in the event of a future economic downturn); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995) ("in the absence of any evidence that appellant made an offer to purchase property or applied for a home mortgage, the 'lost opportunity' damages he alleged were too speculative"), *Gallaher*, 2017 U.S. Dist. LEXIS 73349 (Plaintiff failed to allege "a concrete and particularized injury because Plaintiffs have asserted only that Defendants inaccurately reported their debt, but not that the inaccuracy caused any harm").  Plaintiff here has failed to specify any actual limitation of her credit opportunities and therefore this allegation is too speculative to allege standing.

In light of the foregoing, the undersigned respectfully recommends that since Plaintiff's general allegation of emotional distress and severe anxiety are sufficient to plead an injury in fact, the Moving Defendants' motion to dismiss on the grounds that Plaintiff lacks standing to pursue the claim be denied.

### 2. Violation of the FCRA[4]

---

[4] The arguments made by the Moving Defendants with respect to the FCRA violations alleged against them do not apply to claims asserted against TranUnion and Equifax, both of whom are named in the Complaint as CRAs in Count One of the Complaint and not furnishers in Count Two.  As recognized in *Brown v. Showtime Networks,*

11

The purpose of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA attaches civil liability for willful noncompliance, 15 U.S.C. § 1681n, as well as negligent failure to comply, 15 U.S.C. § 1681o. In Count Two of the Complaint, Plaintiff alleges that the Moving Defendants and MF willfully and negligently violated Section 1681s-2(b) of the FCRA.[5] "Under this provision, credit furnishers are required to investigate and verify the accuracy of the information that they report following notice of a dispute from a credit reporting agency." *Yuli v. Trans Union, LLC*, No. 18-cv-7018 (JMA)(SIL), 2020 U.S. Dist. LEXIS 142823, 2020 WL 5604748 (E.D.N.Y. Aug. 7, 2020) (citing *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012); *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 305 (E.D.N.Y. 2014)). Plaintiff alleges that the Moving Defendants and MF negligently and willfully violated the FCRA.

### a. Negligent Violation of the FCRA

The Moving Defendants argue that Plaintiff fails to allege actual damages. Moving Def. Mem. at 9. A complaint alleging a claim for negligent violation of the FCRA under § 1681o must allege actual damages. *See Jenkins v. Chase Bank USA, NA.*, No. 14-CV-5685, 2015 U.S. Dist. LEXIS 109723, at *22, 2015 WL 4988103 (E.D.N.Y. Aug. 19, 2015); *Ritchie v. Northern Leasing Sys., Inc.*, 14 F. Supp. 3d. 229, 240 (S.D.N.Y. 2014). To do so, the Complaint need

---

*Inc.*, 394 F. Supp. 3d 418, 429 (S.D.N.Y. 2019), the Joining Parties may join in the motion to dismiss the count sought to be dismissed by the Moving Defendants – Count Two, in which they are not named.

[5] The FCRA "places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *O'Diah v. New York City*, No. 02 Civ. 274 (DLC), 2002 U.S. Dist. LEXIS 15507, 2002 WL 1941179, at *12 (S.D.N.Y. Aug. 21, 2002). Defendants in this action are both CRAs and furnishers of information.

allege only enough facts demonstrating that Plaintiff suffered an injury entitling him to actual damages. *See Jenkins,* 2015 U.S. Dist. LEXIS 109723, at *22 ("plaintiff has sufficiently pled actual damages insofar as he alleges that defendant's FCRA violations caused him emotional distress and the denial of credit. . . . Under the FCRA, 'actual damages' may include a denial of credit, as well as 'humiliation and mental distress, even in the absence of out-of-pocket expenses'") (quoting *Casella*, 56 F.3d at 474)); *Nowlin v. Avis Budget Grp.*, No. 11-CV-511, 2011 U.S. Dist. LEXIS 152163, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011) ("[p]laintiff bears the burden of establishing that he is entitled to damages. To satisfy the Iqbal pleading standard, [a] [p]laintiff must allege facts that plausibly suggest that he is entitled to damages") (citation omitted), adopted by 2012 U.S. Dist. LEXIS 7818, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012).

*Ritchie v. Northern Leasing Sys., Inc.,* 14 F. Supp. 3d. 229, 240 (S.D.N.Y. 2014),[6] cited by the Moving Defendants is not to the contrary. The court in *Ritchie* held that Plaintiff's allegations of emotional distress "arose, if at all, from conduct entirely separate from the alleged FCRA violations, all of which directly relate to Plaintiff's consumer credit report." *Id*. In addition, the court noted that while Plaintiff in her memorandum argued that she had suffered emotional distress the allegations were not set forth in the complaint and therefore "cannot rectify her failure to allege actual damages in the Complaint itself." *Id*.

Here, Plaintiff alleges she suffered emotional distress as a result of the Moving Defendants' negligent actions. She alleges she suffered emotional distress, including severe anxiety. Compl. ¶ 27. Since, as discussed above, emotional distress damages are actual damages for purposes of the FCRA claim, Plaintiff has sufficiently pled actual damages. *See, e.g.,*

---

[6] *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 123-24 (E.D.N.Y. 2020), also cited by the Moving Defendants was decided on a motion for summary judgment and is not applicable here.

13

*Jenkins,* 2015 U.S. Dist. LEXIS 109723, at *22 ("plaintiff has sufficiently pled actual damages insofar as he alleges that defendant's FCRA violations caused him emotional distress and the denial of credit.").

Accordingly, the undersigned respectfully recommends that the Moving Defendants' motion to dismiss the negligent violation of the FCRA set forth in Count Two of the Complaint be denied.

### b. Willful Violation of the FCRA

Next, the Moving Defendants argue that the Complaint's claim for willful violation of the FCRA under § 1681n fails as a matter of law because the Complaint has not plausibly alleged any facts supporting a willful violation of defendants' statutory duties under the FCRA. Moving Def. Mem. at 11. According to the Moving Defendants, the "Complaint makes only a conclusory allegation that the Furnisher Defendants, including Defendants, 'failed to conduct a reasonable investigation of the dated trade lines that Plaintiff disputed' and therefore, Defendants are liable for a willful violation of FCRA." Def. Mem. at 12. The Moving Defendants argue that "the Complaint never pleads a single fact about Defendants' investigation, let alone facts to support the threadbare allegation that Defendants' investigation was unreasonable." *Id.*

In connection with a claim for willful violation of the FCRA by a furnisher, to survive a motion to dismiss in this District a plaintiff is required to plead only that the furnisher provided erroneous information to the CRA, Plaintiff notified the CRA that the information was erroneous, the CRA notified the furnisher of the dispute and the inaccurate information remained on the credit report despite the dispute. *See Yuli,* 2020 U.S. Dist. LEXIS 142823, at * 13 (denying motion to dismiss where "Plaintiff's only factual allegations regarding the adequacy of the investigation are that [defendant] was made aware that the information it was reporting was

14

in dispute, and it continued to report the "false" information."); *Hart v. Equifax Info. Servs. LLC*, No. 19-CV-00342, 2019 U.S. Dist. LEXIS 167707, 2019 WL 4757325, at *5 (N.D.N.Y. Sept. 30, 2019) ("a plaintiff need not provide documentary evidence or detailed information about the nature of the furnisher's notification by the credit reporting agency," "an allegation that the plaintiff reported a dispute to credit reporting agency and that (upon information and belief) the agency notified the furnisher of the dispute is sufficient to survive a motion to dismiss"); *Williams v. Bayview Loan Servicing, LLC*, No. 14-CV-7427, 2016 U.S. Dist. LEXIS 7760, 2016 WL 8711209, at *6-7 (E.D.N.Y. Jan. 22, 2016) (denying a motion to dismiss on a Section 1681s-2(b) claim where a plaintiff alleged that defendant, *inter alia*, failed to delete information found to be inaccurate and erroneous, and/or failed to properly investigate the disputed information, stating that "[i]nformation about the precise nature of the investigation is uniquely in the hands of [Defendant]. Plaintiffs cannot be expected to have much more information about the reasonableness of the investigation at this stage of the litigation than they have stated in their complaint").

The case relied upon by the Moving Defendants, *Selvam v. Experian Info. Solutions, Inc.*, No. 13 Civ. 6078 (DLI) (JO), 2015 U.S. Dist. LEXIS 29520, 2015 WL 1034891, at *4 (E.D.N.Y. Mar. 10, 2015), is not to the contrary. *Selvam* did not deal with a claim against a furnisher for the failure to conduct a reasonable investigation, but rather a addressed a claim for unauthorized requesting of a credit report. Claims of this nature are governed by a different standard. The Court in *Selvam* held that, "'[t]o state a claim for civil liability based on section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent.'" *Id.* at *5 (quoting *Perl v. Am. Express*, 2012 U.S. Dist. LEXIS 94804, 2012 WL 2711270, at *2 (S.D.N.Y. July 9,

15

2012)).  The *Selvam* Court also noted that "'various courts have held that, in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report. Merely stating that the violation was 'willful' or 'negligent' is insufficient.'"  *Braun v. United Recovery Systems,* 14 F.Supp.3d 159, 167 (S.D.N.Y. 2014) (citing Perl, 2012 U.S. Dist. LEXIS 94804, 2012 WL 2711270, at *2).  Claims brought pursuant to Section 1681s-2(b) do not have a similar requirement.

Accordingly, the undersigned respectfully recommends that the Moving Defendants' motion to dismiss Count Two of the Complaint for failure to plead a willful violation of the FCRA be denied.

### c. Proximate Causation

The Moving Defendants also argue that "the claim against Defendants for violation of the FCRA should be dismissed for the additional reason that Plaintiff has not pled a causal connection between Defendants' investigation and provision of information to credit reporting agencies and Plaintiff's conclusory damages, sufficient to establish proximate cause." Defendants contend that as a result the "pleading is not sufficient to confer Article III standing or to sufficiently allege proximate causation."  Moving Def. Mem. at 15.

In addition to establishing an injury-in-fact, in order to demonstrate standing a plaintiff must allege that the injury "is fairly traceable to the challenged conduct of the defendant." *Spokeo*, 136 S. Ct. at 1547.  This means that there must exist a "causal connection between the injury and the conduct complained of" and cannot arise from an "independent action of some third party not before the court." *Lujan*, 504 U.S. at 560-61. "The traceability requirement for Article III standing means that the plaintiff must demonstrate a causal nexus between the defendant's conduct and the injury," and such a relationship can either be direct or indirect.

16

*Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013). Causation, or traceability, in the context of standing is not the same as proximate causation from tort law, and the Supreme Court has cautioned against "wrongly equat[ing] ... injury 'fairly traceable' to the defendant with injury as to which the defendant's actions are the very last step in the chain of causation." *Bennett v. Spear*, 520 U.S. 154, 168-69, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 366 (3d Cir. 2014) ("Causation in the context of standing is not the same as proximate causation from tort law."). The threshold for establishing causation is low as there need only be a "'substantial likelihood' that defendant's actions caused plaintiff's harm." *DMJ Assocs., L.L.C. v. Capasso*, 288 F. Supp. 2d 262, 272 (E.D.N.Y. 2003) (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 75 n.20, 98 S. Ct. 2620, 57 L. Ed. 2d 595 (1978)); *Horton v. Sw. Med. Consulting, LLC*, No. 17-CV-0266, 2017 U.S. Dist. LEXIS 105663, at *11, 2017 WL 2951922, at *5 (N.D. Okla. Jul. 10, 2017) ("Article III requires 'proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in facts.'") (quoting *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005)); *see generally Bennett v. Spear,* 520 U.S. 154, 169, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997).

    Plaintiff here has satisfied the threshold for traceability. The Complaint alleges that the Moving Defendants were notified of inaccuracies in their reporting by the CRAs in 2018, that they failed to undertake a reasonable investigation in response to the dispute, that the reporting was left uncorrected and Plaintiff suffered emotional distress as a result. For purposes of a motion to dismiss this pleading goes far enough. Accordingly, the undersigned respectfully recommends that the Moving Defendants' motion to dismiss on this basis be denied.

17

### 3. Statute of Limitations[7]

Finally, the Moving Defendants argue that Plaintiff's claim in Count Two of the Complaint is barred by the statute of limitations. Moving Def. Mem. at 15. The FCRA provides that "[a]n action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of — (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. The Moving Defendants argue that because Plaintiff did not file her Complaint until December 6, 2019, more than seven years after Superstorm Sandy damaged her home and she became aware that she was a victim of identity theft, Plaintiff's FCRA claim is time barred. Moving Def. Mem. at 15.

According to the Complaint, Plaintiff alleges that in 2012 when her home was damaged by Superstorm Sandy, she noticed that parcels of her mail were being stolen and she began receiving collection letters for debts that did not belong to her. Compl. ¶¶ 19, 20. Plaintiff took no steps to rectify this issue until 2018 when she filed a police report and took steps to notify credit reporting agencies that she was the victim of identity theft. *Id.* at ¶ 19, 21. The Complaint in this action was filed on December 6, 2019. ECF No. 1. In the Complaint alleges that "despite Plaintiffs disputes to Equifax, Experian, and TransUnion, and after these disputes were sent to each of the [Moving] Defendants, each of the [Moving] Defendants willfully and negligently failed to conduct a reasonable investigation of the dated trade lines that Plaintiff disputed, and certain furnishers failed to mark the trade lines as in dispute." Compl. ¶ 39. Accepting as true Plaintiff's allegations that she sent notice of her dispute to Equifax, Experian, and TransUnion, in

---

[7] Once again TransUnion and Equifax cannot join in this portion of the Moving Defendants' motion to dismiss because the claims against them are asserted under a different section of the FCRA and accrue at a different time.

18

2018 the Moving Defendants liability under Section 1681s-2(b) "would arise thirty days after [it] was notified of the dispute by the credit reporting agencies*."* *See Jenkins*, 2015 U.S. Dist. LEXIS 109723 at * 18-19 (citing *Grigoriou v. First Resolution Inv. Corp.*, No. 13-civ-6008, 2014 U.S. Dist. LEXIS 41288, 2014 WL 1270047, at *5 (W.D.N.Y. Mar. 26, 2014)). A cause of action under the FCRA for inaccurate reporting exists "only if the furnisher of information received notice of the consumer dispute from a credit agency." *Neblett v. Chase Bank,* No. 09 CIV 10574 DAB, 2010 U.S. Dist. LEXIS 101067, 2010 WL 3766762, at *5 (S.D.N.Y. Sept. 28, 2010); *see also Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 U.S. Dist. LEXIS 17052, 2005 WL 1153623, at *5 (E.D.N.Y. May 16, 2005) ("[U]nless and until a furnisher of information receives notice from a credit reporting agency, no private right of action exists under section 1681s—2(b)."). Therefore, Plaintiff's claim against the Moving Defendants accrued, at the earliest, 30 days after notice was received in 2018 – and the Complaint was filed in December 2019, within two (2) years from the date on which liability arose. *See Jenkins v. AmeriCredit Fin. Servs., Inc.,* No. 14-cv-5687, 2017 U.S. Dist. LEXIS 57560 at *16, 2017 WL 1325369 (E.D.N.Y. Feb. 14, 2017) (Plaintiff's claim does not accrue until dispute filed, therefor claim timely if filed within two years from the date of the dispute); *Jenkins*, 2015 U.S. Dist. LEXIS 109723, at *18 (defendants' "liability under Section 1681s-2(b) 'would arise thirty days after [it] was notified of the dispute by the credit reporting agencies'"); *Rambarran v. Bank of Am. Corp.,* No. 07-civ-21798, 2007 U.S. Dist. LEXIS 70555, 2007 WL 2774256, at *5 (S.D. Fla. Sept. 24, 2007) (declining to dismiss FCRA claim as time-barred where plaintiff filed complaint within two years of the earliest possible date defendant furnisher's liability under section 1681s-2(b) arose, which was thirty days after plaintiff sent his notice of dispute to the credit reporting agencies).

19

Thus, based upon the foregoing, the undersigned respectfully recommends that the Moving Defendants' motion to dismiss Plaintiff's action as time-barred be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated:  Central Islip, New York
    February 4, 2021

>                        _____/s/_____
>                        ARLENE R. LINDSAY
>                        United States Magistrate Judge