UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
BURNELL HAYNES,

                         Plaintiff,

                                         MEMORANDUM & ORDER
           -against-                     19-CV-7157(JS)(ARL)

TRANSUNION, LLC; EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; BANK OF AMERICA, N.A.;
CHASE BANK USA, N.A.; WELLS FARGO N.A.;
DISCOVER FINANCIAL SERVICES;
DEPARTMENT STORES NATIONAL BANK;
CITIBANK NORTH AMERICA, INC.;
TD BANK USA, N.A.; MIDLAND FUNDING,
LLC; and MIDLAND CREDIT MANAGEMENT
INC.,

                         Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:        Daniel Zemel, Esq.
                      Elizabeth Easley Apostola, Esq.
                      Zemel Law, LLC
                      1373 Broad Street, Suite 203-C
                      Clifton, New Jersey 07013


For Defendant
Wells Fargo N.A.:     Michael V. Margarella, Esq.
                      Diane A. Bettino, Esq.
                      Reed Smith LLP
                      599 Lexington Avenue, 22nd Floor
                      New York, New York 10022


For Defendant
TD Bank, N.A.:        Jovalin Dedaj, Esq.
                      Duane Morris LLP
                      1540 Broadway
                      New York, New York 10036

                      Alexander D. Bono, Esq.
                      Lynne E. Evans, Esq.
                      Duane Morris LLP
                      30 South 17th Street
                      Philadelphia, Pennsylvania 19103

For Defendant
TransUnion, LLC:          Camille Renee Nicodemus, Esq.
                          Schuckit & Associates, P.C.
                          4545 Northwestern Drive
                          Zionsville, Indiana 46077

For Defendant
Equifax Information
Services, LLC:            Boris Brownstein, Esq.
                          Clark Hill PLC
                          210 Carnegie Center, Suite 102
                          Princeton, New Jersey 08540

                          Courtney Sophie Stieber, Esq.
                          Seyfarth Shaw LLP
                          620 Eighth Avenue, 32nd Floor
                          New York, New York 10018

For Defendants
Midland Funding, LLC
& Midland Credit
Management Inc:           Dana Brett Briganti, Esq.
                          Ellen Beth Silverman, Esq.
                          Han Sheng Beh, Esq.
                          Hinshaw & Culbertson LLP
                          800 Third Avenue, 13th Floor
                          New York, New York 10022

SEYBERT, District Judge:

          Plaintiff Burnell Haynes ("Plaintiff") commenced this action against defendants[1] TransUnion, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.; Bank of America, N.A.; Chase Bank USA, N.A.; Wells Fargo N.A.; Discover Financial Services; Department Stores National Bank; Citibank North America, Inc.; TD Bank USA, N.A.; Midland Funding, LLC; and

---

[1] Capital One Bank USA, N.A. and Comenity Bank have been dismissed from the action.  (ECF Nos. 94 & 99.)

2

Midland Credit Management Inc. for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Defendants TD Bank USA, N.A. and Wells Fargo N.A. (the "Moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 68-1; Moving Defs. Br., ECF No. 68; Pl. Opp., ECF No. 76; Moving Defs. Reply, ECF No. 77.) Midland Funding, LLC ("MF"), Equifax Information Services, LLC ("Equifax"), and TransUnion, LLC ("TransUnion," and together with MF and Equifax, the "Joining Defendants") joined in the motion. (See Equifax Not. Joinder, ECF Nos. 70, 80; MF Not. Joinder, ECF No. 72; TransUnion Not. Joinder, ECF No. 73.)

By Report and Recommendation, Magistrate Judge Arlene R. Lindsay recommended that the Court deny the Moving Defendants' motion to dismiss and, consequently, the Joining Defendants' request for dismissal. ("R&R," ECF No. 101.) The Moving Defendants timely filed objections. (Moving Defs. Objs., ECF No. 102; Pl. Reply, ECF No. 107; see also Pl. Not. Supp. Authority, ECF No. 110; Moving Defs. Reply to Pl. Not. Supp. Authority, ECF No. 111.) For the following reasons, the Moving Defendants' objections are OVERRULED, the R&R is ADOPTED, and the Moving Defendants' motion is DENIED.

BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the factual and procedural background as set forth in the R&R and recites only the facts necessary to adjudicate the pending motion. (See R&R at 2-6.)

I.   Facts[2]

Plaintiff is a natural person who at all relevant times has resided in Freeport, New York.  (Compl., ECF No. 1-3.) Plaintiff asserts claims against three groups of Defendants: (1) the Furnisher Defendants; (2) the Credit Reporting Agency Defendants; and (3) the Debt Collector Defendants.  Both Moving Defendants are named as Furnisher Defendants, as they regularly and in the ordinary course of business furnish information to various consumer reporting agencies regarding their transactions with consumers, bringing them within the ambit of 15 U.S.C. § 1681s-2(a) and (b).  Joining Defendant MF is named in this action as a Furnisher and Debt Collector Defendant.  Last, Joining Defendants Equifax and TransUnion are named as Credit Reporting Agency Defendants based on their work assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, placing them within the definition provided in 15 U.S.C. § 1681a(f).

---

[2] The facts are drawn from the Complaint and are assumed to be true for purposes of this Memorandum & Order.

4

According to the Complaint, Plaintiff's home was damaged by Superstorm Sandy, which hit Long Island in 2012.  In the storm's aftermath, Plaintiff noticed that parcels of her mail were being stolen.  Shortly after realizing the mail theft, apparently sometime in 2018, Plaintiff "started getting collection letters for debts that did not belong to her," which in turn damaged her credit score.  In response, Plaintiff went to the police to report herself as a victim of identity theft.  She also started disputing a number of items with the Credit Reporting Agency Defendants, informing them that accounts were opened in her name as a result of identity theft and providing a copy of the police report.  Nevertheless, the Credit Reporting Agency Defendants verified the disputed accounts as belonging to Plaintiff.  Further, the Credit Reporting Agency Defendants forwarded Plaintiff's disputes to the Furnisher Defendants, who also verified the accounts as accurately belonging to Plaintiff.  The accounts and related debt were then sold to Debt Collector Defendant MF, who began collection attempts against Plaintiff and made negative reportings on her credit report.  As a result, Plaintiff suffered "emotional and actual damages, including severe anxiety and limited credit opportunities."

II.   Procedural History and the R&R

        Plaintiff initiated this action on December 6, 2019,[3] alleging violations of the FCRA and FDCPA.   As relevant here, Plaintiff alleges the Credit Reporting Agency Defendants, including Joining Defendants Equifax and TransUnion, violated the FCRA by preparing, compiling, issuing, assembling, transferring, publishing, or otherwise recording false, misleading, and/or inaccurate consumer reports about Plaintiff.   Moreover, Plaintiff alleges the Furnisher Defendants, including the Moving Defendants and MF, violated the FCRA by (1) willfully and negligently supplying the Consumer Reporting Agency Defendants with negative consumer report information about Plaintiff that was false and misleading; and (2) failing to conduct a reasonable investigation of the dated trade lines that Plaintiff disputed.

        After the Moving Defendants filed their motion to dismiss, the Court referred the motions to Judge Lindsay.   (See Oct. 26, 2020 Elec. Order; Nov. 3, 2020 Elec. Order.)   Judge Lindsay issued the R&R and recommended that the Court deny the Moving Defendants' motion to dismiss.   First, Judge Lindsay rejected the Moving Defendants' argument that Plaintiff lacks standing to pursue her FCRA claims because she failed to allege a

_____

[3] TransUnion removed the action to this Court from New York state court.

concrete, particularized injury.[4]   (R&R at 7-11.)  Specifically,
Judge Lindsay concluded that Plaintiff's allegation that she
suffered emotional distress constituted an injury in fact
sufficient to confer standing under the FCRA as recently
interpreted by the Supreme Court in Spokeo, Inc. v. Robins, 136 S.
Ct. 1540 (2016) as revised (May 24, 2016).  (Id. at 8-9.)  While
Plaintiff's allegation lacked specificity regarding the nature of
her emotional distress, Judge Lindsay found that it was sufficient
to survive the pleadings stage.  (Id. at 10 (discussing Lujan v.
Defenders of Wildlife, 504 U.S. 555, 560 (1992)).)  However, Judge
Lindsay found that Plaintiff could not establish standing based on
her alleged "limited credit opportunities," because, without a
plausible allegation that future denials of credit were "certainly
impending" or "real and immediate," Plaintiff failed to establish
an "actual or imminent" injury to confer standing.  (Id. at 10-
11.)  Judge Lindsay also rejected the Moving Defendants' remaining
standing argument -- that Plaintiff could not establish that their
conduct was the proximate cause of, or fairly traceable to, her
damages -- finding that the Complaint's allegation of emotional
distress could be traced to the Moving Defendants' alleged failure

---

[4] As Judge Lindsay clarified, her standing analysis applied to the
Moving and Joining Defendants equally.  However, her analysis under
the FCRA, including her statute of limitations analysis, applied
only to the Moving Defendants.  (See R&R, at 7, n.3; 11, n.4; 18
n.7.)

to undertake a reasonable investigation in response to Plaintiff's disputes. (Id. at 16-17.)

Second, Judge Lindsay rejected the Moving Defendants' arguments for dismissal under the FCRA.  To start, Judge Lindsay concluded that Plaintiff sufficiently alleged actual damages, as required under U.S.C. § 1681o, in the form of emotional distress, to plausibly allege a negligent violation of the FCRA.  (Id. at 12-14.)  Judge Lindsay then found that Plaintiff alleged sufficient information to support a claim for willful violation of the FCRA. (Id. at 14-16.)  Last, Judge Lindsay determined Plaintiff's FCRA claim against the Moving Defendants was not barred by the statute of limitations, reasoning that Plaintiff's claim did not accrue until she filed her disputes with the Credit Reporting Agency Defendants in 2018, which rendered her Complaint, filed in December 2019, timely under the FCRA's two-year statute of limitations. (Id. at 18-19.)

DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the

Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96–CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); Fed. R. Civ. P. 72(b)(3).  To raise a proper objection, a party must, "[w]ithin 14 days after being served with a copy of the recommended disposition, . . . serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Failure to timely object to a Report & Recommendation generally waives any further judicial review.  DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000).

II.  Analysis

　　　To start, the Joining Defendants did not file any objections to the R&R.  "The district court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed." Parsons v. Walsh, No. 01-CV-5840, 2003 WL 21143074, at *1 (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).  Accordingly, the R&R is ADOPTED in its entirety as against the Joining Defendants.

　　　Further, in her opposition to the Moving Defendants' objections, Plaintiff raises an objection to the R&R's finding that she could not establish standing based on her alleged "limited credit opportunities," the only portion of the R&R that is unfavorable to Plaintiff.  (Pl. Reply at 7-8.)  Plaintiff's

objection is untimely.  By failing to raise an objection to this finding in the manner and within the time provided by Rule 72, and instead raising it for the first time in her opposition, Plaintiff waived the point.  In re Fisher, 908 F. Supp. 2d 468, 472 (S.D.N.Y. 2012) (declining to consider an objection raised for the first time in an unauthorized reply).  Indeed, Judge Lindsay warned Plaintiff of the consequences of not objecting.  (See R&R at 20.) Nevertheless, for the reasons stated infra, Plaintiff is granted leave to amend her Complaint.

The Court turns to the Moving Defendants' objections, which are properly before the Court.  The Moving Defendants argue that Judge Lindsay erred in her analysis of Article III standing and the FCRA's pleading requirements.  The Court has reviewed the Objections and finds them to be general and "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Lindsay.  Rizzi v. Hilton Domestic Operating Co., No. 18-CV-1127, 2020 WL 6253713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases).  Thus, the Court reviews Judge Lindsay's analysis for clear error and finds none.  Id.  The R&R is therefore ADOPTED in its entirety.

Nevertheless, the Court adopts the R&R under de novo review.

A.   Article III Standing

In Spokeo v. Robins, 136 S. Ct. 1540 (2016), the Supreme Court addressed Article III's standing requirements in the context of the FCRA.  As the Court explained, to establish Article III standing, the plaintiff must allege she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. at 1547 (citing Lujan, 504 U.S. at 560-61); accord Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85, 92 (2d Cir. 2019), cert. denied sub nom. Bowes v. Melito, 140 S. Ct. 677 (2019).  The injury-in-fact requirement compels the plaintiff to show that she suffered "'an invasion of a legally protected interest' that is 'concreate and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (citing Lujan, 504 U.S. at 560).  An injury is particular when it affects the plaintiff "in a personal and individual way"; it is concrete when it is "real" and "actually exist[s]," though this does not mean the injury needs not be "tangible." Id. at 1548-49.  With respect to determining whether an intangible harm constitutes an injury in fact, Spokeo provided two guideposts: "history and the judgment of Congress." Id. at 1549.  Specifically, courts are instructed to consider (1) whether the intangible injury arising from the statutory violation "has a close relationship to a harm that has traditionally been regarded

11

as providing a basis for a lawsuit in English or American courts," and (2) whether Congress has identified the harm and elevated it to the status of a legally cognizable, concrete injury through its lawmaking powers.  Id. (further noting Congress "has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where existed before"); TransUnion LLC v. Ramirez, No. 20-0297, 141 S. Ct. 2190, 2021 WL 2599472, at *7-9 (2021); Melito, 923 F.3d at 93 (applying Spokeo framework in the context of the Telephone Consumer Protection Act); Maddox v. Bank of N.Y. Mellon Trust Co., N.A., 997 F.3 436, 445-49 (2d Cir. 2021) (applying Spokeo framework in the context of New York's mortgage-satisfaction-recording statutes).

Here, the Moving Defendants do not contend the intangible harm alleged by Plaintiff -- emotional distress -- is insufficient to confer legal standing based on the FCRA violation she alleges, calling the proposition "unremarkable."  (Moving Defs. Objs. at 11.)  The Court agrees, as "there can be little doubt that emotional harm has long been regarded as a harm providing a basis for a lawsuit in English and American courts," In re Big Apple Volkswagen, LLC, 571 B.R. 43, 50 (S.D.N.Y. 2017),[5]

---

[5] See also TransUnion, LLC, 2021 WL 2599472, at *13 n.7 (suggesting "risk of future physical, monetary, or reputational harm could cause its own current emotional or psychological harm" that would satisfy Spokeo's analysis for Article III standing, such as "by analogy to the tort of intentional infliction of emotional distress").

and intangible injuries like emotional distress "that result from inaccurate credit reporting fit neatly within the types of harms that Congress sought to abate" through the FCRA. Magruder v. Capital One, Nat'l Ass'n, No. 19-CV-0057, 2021 WL 1999544, at *6 (D.D.C. May 19, 2021) (concluding allegation of emotional harms arising from multiple inaccurate consumer reports about the plaintiff's outstanding debts were legally cognizable injuries under the FCRA); see also Ricketson v. Experian Info. Sols., Inc., 266 F. Supp. 3d 1083, 1090-91 (W.D. Mich. 2017).

Rather, the Moving Defendants' standing arguments are factual, not legal -- they are more about Twombly's pleading requirements than standing under Spokeo and Article III. Magruder, 2021 WL 1999544, at *4 (observing the distinction between factual and legal arguments regarding the sufficiency of allegations of harm to establish standing). Specifically, the Moving Defendants argue that Plaintiff's claims of emotional harm are devoid of supporting factual allegations necessary to confer standing. (Moving Defs. Objs. at 10-12.)  But as Judge Lindsay rightly pointed out, general factual allegations of injury are sufficient at the pleading stage.  (R&R at 10 (quoting Lujan, 504 U.S. at 561).)  Indeed, a Second Circuit panel recently invoked Lujan's formulation of the injury-in-fact pleading requirement, confirming its vitality after the Supreme Court's intervening decisions in Twombly and Iqbal.  McMorris v. Carlos Lopez & Assocs., LLC, 995

F.3d 295, 300 (2d Cir. 2021) (quoting Lujan, 504 U.S. at 561); see also Magruder, 2021 WL 1999544, at *4 (observing a similar trend in the D.C. Circuit).

Understood in this light, the Moving Defendants' attempt to distinguish Judge Lindsay's analysis is unpersuasive. They contend that several cases cited by Judge Lindsay (R&R at 9-10), where courts found allegations of emotional harm satisfied the injury-in-fact requirement of constitutional standing, demonstrate that Plaintiff must plead more specific facts to establish standing based on her alleged injuries. (Moving Defs. Obj at 11-12.) However, the Court agrees with Plaintiff that these cases involve comparable, not distinguishable, factual allegations of emotional harm. Compare SAC Compl. ¶ 27 (alleging emotional damages, including "severe anxiety"), with Hampton v. Barclays Bank Del., No. 18-CV-4071, 2019 WL 6727083, at *4 (D. Kan. Dec. 11, 2019) (alleging "anguish, frustration, lack of meaningful sleep, and fear of incoming calls"); Ricketson, 266 F. Supp. 3d at 1087 (alleging "mental stress, lost sleep, and emotional distress"). Because there is no principled basis by which the Court may differentiate these "general factual allegations" of emotional harm, these allegations are sufficient at the pleading stage. Lujan, 504 U.S. at 561; see also Magruder, 2021 WL 1999544, at *5 (finding "thin" allegations of injury were sufficient at the pleading stage).

The Moving Defendants also object to the R&R's finding that Plaintiff satisfied the "traceability" requirement of constitutional standing. The Court agrees with the Moving Defendants as to the standard: Plaintiff must establish her emotional damages were fairly attributable to the Moving Defendants' respective investigations, which Plaintiff claims were unreasonable. (See Moving Defs. Br. at 18 (citing Okocha v. HSBC Bank USA, N.A., No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010)).) However, at this juncture, the Court finds that Plaintiff's allegations, accepted as true, plausibly plead that her emotional damages were fairly attributable to, that is, proximately caused by, the Moving Defendants' failure to reasonably investigate her claims of identity theft causing inaccuracies in her consumer reports. (Compl. ¶¶ 21-27.) The Moving Defendants' efforts to dissect Plaintiff's Complaint are unavailing at this stage of the litigation.

B.    Violation of the FCRA

Plaintiff alleges the Moving Defendants willfully and negligently violated Section 1681s-2(b) of the FCRA, which requires credit furnishers "to investigate and verify the accuracy of the information that they report following notice of a dispute from a credit reporting agency." Yuli v. Trans Union, LLC, No. 18-CV-7018, 2020 WL 5604748, at *3 (E.D.N.Y. Aug. 7, 2020) (citing Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2d Cir. 2012)),

report and recommendation adopted, 2020 WL 5594638 (E.D.N.Y. Sept. 18, 2020).

The Moving Defendants object to the R&R's finding that Plaintiff adequately pleaded actual damages as required to sustain a claim for negligent violation of the FCRA under Section 1681o, arguing (1) the Complaint's allegations of emotional damages are too conclusory to plausibly allege a negligent FCRA claim; and (2) the Complaint fails to allege "any specific incident" regarding Plaintiff's credit that caused her emotional harm, a pleading deficiency that dooms Plaintiff's claim under the Second Circuit's decision in Casella v. Equifax Credit Info. Servs., 56 F.3d 469 (2d Cir. 1995). (Moving Defs. Objs. at 14-15.)  Neither argument is persuasive.

First, although "threadbare," Plaintiff's allegations of emotional distress are sufficient to survive a motion to dismiss. See Jenkins v. Chase Bank USA, N.A., No. 14-CV-5685, 2015 WL 4988103, at *8-9 (E.D.N.Y. Aug. 19, 2015) (finding allegations that plaintiff "suffered actual damages in the form of emotional distress and a denial of credit by a third-party based on information contained in his credit report are sufficient, at this stage, to allege actual damages and withstand defendant's motion to dismiss"); Friedman v. CitiMortgage, Inc., No. 18-CV-11173, 2019 WL 4194350, at *4 (S.D.N.Y. Sept. 3, 2019) (concluding threadbare allegations of actual damages in the form of "mental

16

anguish, humiliation, embarrassment, and injury to creditworthiness" based on the defendant's purportedly negligent failure to conduct a reasonable investigation into disputed trade lines sufficient to survive motion to dismiss).  Second, the Moving Defendants' reliance on Casella is misplaced at this juncture, because Casella was decided at the summary judgment stage. Casella, 56 F.3d at 474-75 (discussing the plaintiff's failure to present "evidence" that the credit reporting agency defendants caused his pain and suffering).  In any event, to the extent Casella can be construed to require a plaintiff to allege that a potential creditor learned of the inaccurate information from a Credit Reporting Agency Defendant, id. at 475, Plaintiff has satisfied that obligation (see Compl. ¶ 29).  Thus, while the Moving Defendants are correct that Plaintiff "will ultimately be required to provide at least some evidence that . . . any emotional distress [s]he experienced is fairly attributable to [the Moving Defendants'] unreasonable investigation of his dispute," Jenkins, 2015 WL 4988103, at *9 (citation omitted), her allegations that she suffered emotional distress as a result of the Moving Defendants' negligent conduct is sufficient to plausibly allege actual damages.

As for their objection to Judge Lindsay's finding that Plaintiff plausibly pleaded a willful violation of the FCRA under Section 1681n, the Moving Defendants cite three decisions decided

at the summary judgment stage for the proposition that "the mere failure to correct a plaintiff's inaccurate credit information, even after notifications of the inaccuracy does not constitute a willful failure to comply with the FCRA." (Moving Defs. Objs. at 16, 17.)[6] "That may be. However, courts in this Circuit have only so held when deciding motions for summary judgment or at subsequent stages of litigation," and not when deciding a motion to dismiss. Friedman, 2019 WL 4194350, at *4 (addressing the same argument from a furnisher defendant). The Court thus agree with Judge Lindsay that at this early stage of the case, a plaintiff is required to plead only that the furnisher provided erroneous information to the Credit Reporting Agency Defendant, Plaintiff notified the Credit Reporting Agency Defendant that the information was erroneous, the Credit Reporting Agency Defendant notified the furnisher of the dispute, yet the inaccurate information retained on the credit report. (R&R at 14 (citing Yuli, 2020 WL 5604748, at *5)); see also Williams v. Bayview Loan Servicing, LLC, No. 14-CV-7427, 2016 WL 8711209, at *6-7 (E.D.N.Y. Jan. 22, 2016) (denying motion to dismiss a Section 1681s-2(b) claim where the plaintiff alleged that defendant, inter alia,

---

[6] The Moving Defendants cite: George v. Equifax Mortg. Servs., No. 06-CV-0971, 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010); Jenkins v. AmeriCredit Fin. Servs., Inc., No. 14-CV-5687, 2017 WL 1325369, at *7 (E.D.N.Y. Feb. 14, 2017); and Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005).

failed to delete information found to be inaccurate and erroneous, and/or failed to properly investigate the disputed information, reasoning that since "[i]nformation about the precise nature of the investigation is uniquely in the hands of [Defendant]," "[p]laintiffs cannot be expected to have much more information about the reasonableness of the investigation at this stage of the litigation than they have stated in their complaint").

   C.   Statute of Limitations

      The Moving Defendants agree that Judge Lindsay applied the appropriate statute of limitations -- two years after the date of discovery by the plaintiff of the violation that is the basis for such liability -- but argue Plaintiff's claims began to accrue in 2012 in the aftermath of Superstorm Sandy and not in 2018, as the R&R found.  (Moving Defs. Objs. at 20.)  The Court disagrees. Accepting as true Plaintiff's allegations that she sent notice of the disputed trade lines to the Credit Reporting Agency Defendants in 2018, the Moving Defendants' liability under Section 1681s-2(b) "would arise thirty days after [they were] notified of the dispute by the credit reporting agencies." Jenkins, 2015 WL 4988103, at *7.  At that point, the Moving Defendants were on notice of the dispute and their concomitant obligation to initiate a reasonable investigation. Kane v. Guar. Residential Lending, Inc., No. 04-CV-4847, 2005 WL 1153623, at *5 (E.D.N.Y. May 16, 2005) ("[U]nless and until a furnisher of information receives notice from a credit

19

reporting agency, no private right of action exists under section 1681s-2(b).”).  Therefore, Plaintiff's claim against the Moving Defendants accrued, at the earliest, thirty days after they received notice of the dispute in 2018, rendering Plaintiff's Complaint, filed in December 2019, timely.

      D.    <u>Plaintiff is Granted Leave to Amend</u>

      Plaintiff also requests leave to amend. (Pl. Opp. at 15.)  Leave to amend should be freely given “when justice so requires.”  FED. R. CIV. P. 15(a)(2).  It is “within the sound discretion of the district court to grant or deny leave to amend.” <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).  Here, although Plaintiff requested leave to file an amended complaint in the event the Court granted the Moving Defendants' motion, the Court, in its discretion, finds it prudent for Plaintiff to file an Amended Complaint.  Defendants will not be unduly prejudiced because discovery has been stayed pending resolution of this motion and the pending motion to compel arbitration.  <u>See</u> <u>Estrella v. Coqui Check Cashing, Inc.</u>, No. 08-CV-5177, 2010 WL 2978176, at *2 (E.D.N.Y. July 26, 2010).  While the Court “appreciates that Defendants have incurred litigation expenses in responding to Plaintiff's complaint,” this “is not a burden that should prevent Plaintiff[] from amending [her] complaint,” especially where Plaintiff represents she can remedy the deficiency Judge Lindsay identified in her R&R.    <u>Id.</u>

Accordingly, leave to amend is GRANTED and Plaintiff may amend her allegations to remedy the deficiencies detailed herein.  Any Amended Complaint must be filed within thirty (30) days from the date of this Memorandum and Order.

CONCLUSION

For the stated reasons, the Moving Defendants' objections are OVERRULED, the R&R (ECF No. 101) is ADOPTED as stated, and the Moving Defendants' motion to dismiss (ECF No. 68) is DENIED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated: July  28 , 2021
       Central Islip, New York